IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

BILLY TIRRELL ADAMS,
ADC #101322                                                                        PLAINTIFF

v.                                            5:08CV00343JTK

RAY HOBBS, et al.                                                              DEFENDANTS

**MEMORANDUM AND ORDER**

I.  Introduction

        This matter is before the Court on the defendants' motions for summary judgment (Doc. Nos.

58, 61).  Plaintiff has filed a response to the motions (Doc. No. 66), and the ADC defendants have filed

a reply (Doc. No. 67).

        Plaintiff, a state inmate incarcerated at the East Arkansas Regional Unit (EARU) of the Arkansas

Department of Correction (ADC), filed this action pursuant to 42 U.S.C. § 1983 against defendants,

alleging deliberate indifference to his serious medical needs with respect to their treatment of his open

gunshot wound.  Plaintiff asks for monetary and injunctive relief from ADC defendants Hobbs, Byus,

Kelly, and Harmon, together with defendants Green and Clark, who are employees of Correctional

Medical Services, Inc. (CMS), which contracts with the ADC to provide medical care and treatment to

state prison inmates.

        According to plaintiff's original and amended complaints (Doc. Nos. 2, 8), he suffers from an

open drainage wound on his right thigh as a result of being shot by a shotgun in 2006.  Plaintiff alleges

he has been incarcerated at the EARU since June, 2007, and defendants have failed to adequately treat

his wound.  Specifically, plaintiff states defendant Hobbs, as the Chief Deputy Director of the ADC, has

direct knowledge of his situation because he reviewed plaintiff's grievances, and failed to ensure plaintiff received adequate treatment.  As the Medical Administrator for the ADC, plaintiff alleges defendant Byus was aware of his problems and failed to correct them.  Wendy Kelly, the Deputy Director over Medical Care and Treatment, also failed to correct the problems plaintiff notified her of through his grievances.  Plaintiff also states Warden Greg Harmon was aware of his medical issue and did not respond to any of plaintiff's requests.  Plaintiff also names as a defendant Dr. R. Clark, alleging he failed to provide plaintiff with a bandage for his wound, and showed deliberate indifference by failing to provide plaintiff with medication for his pain.    Finally, plaintiff alleges that defendant Greene, the former Infirmary Manager of the Unit, failed to respond to his informal resolutions requesting medical care.  As a result of defendants' inactions, plaintiff alleges he suffers from  risk of infection and pain.

## II.  Summary Judgment Motions

### A.  ADC Defendants' Motion

Defendants Hobbs, Byus, Kelly and Harmon state plaintiff's complaint against them should be dismissed for the following reasons: 1) plaintiff fails to state a claim upon which relief may be granted, because he attributes no unlawful conduct to them, other than that he was unhappy with their responses to his grievances and they failed to take appropriate action to ensure his treatment; 2) plaintiff provides no proof of deliberate indifference on defendants' part, since the ADC defendants are not involved in medical treatment decisions.  See Keeper v. King, 130 F.3d 1309 (8th Cir. 1997);  3) plaintiff's allegations against them are based on their supervisory positions only, and should be dismissed since respondeat superior is not an appropriate theory of liability in cases filed pursuant to § 1983; 4) plaintiff failed to exhaust his administrative remedies against them, as he did not name any of them in any of the grievances he filed; and 5) defendants are entitled to qualified immunity from liability, since plaintiff

can not demonstrate he had a clearly established right to a particular medical procedure or that defendants knowingly failed to provide him adequate medical care.

B.  CMS Defendants' Motion

In support of their motion, defendants Green and Clark state plaintiff's complaint against them should be dismissed because he provides no evidence in support of his claim of deliberate indifference to a serious medical need.  Defendants provide the affidavits of two physicians, Dr. Roland Anderson, who reviewed plaintiff's medical records, and Dr. Joseph Hughes, who has treated plaintiff since January 2009. ( Doc. No. 63, Exs. B, C)  Both physicians state plaintiff was routinely treated for a small draining tract in his right thigh which was caused by buckshot imbedded in his thigh.   The physicians state plaintiff's wound periodically drains, and on two occasions when it became infected, the infection was resolved with antibiotics.  The physicians also state a bandage is not necessary for the wound, and merely acts to prevent the drainage from staining plaintiff's clothes and serves as a comfort item.   In addition, defendants state Dr. Clark examined plaintiff on only two occasions, and on the second occasion plaintiff already had been prescribed Tylenol for pain.  Defendants state plaintiff presents no evidence that defendant Clark saw plaintiff and failed to consider his complaint of pain.   Rather, defendants state plaintiff's complaints appear to be a disagreement over his treatment, which does not rise to the level of a constitutional violation, citing Noll v. Petrovsky, 828 F.2d 461, 462 (8th Cir. 1987), cert. denied, 484 U.S. 1014 (1988).  Defendants also cite Dulany v. Carnahan, 132 F.3d 1234, 1240 (8th Cir. 1997), where the court stated , "In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate can not create a question of fact by merely stating that she did not feel she received adequate treatment." Defendants also state plaintiff can provide no proof that a delay in his medical treatment resulted in a

3

detrimental effect to his health, <u>citing</u> <u>Beyerbach v. Sears</u>, 49 F.3d 1324 (8th Cir. 1995),

Finally, with respect to defendant Green, defendants state she has been sued in her supervisory capacity only, since she never treated plaintiff, and can not be held liable for the actions or inactions of her subordinates, <u>citing</u> <u>Messimer v. Lockhart</u>, 702 F.2d 729, 732 (8th Cir. 1983).

C.  Plaintiff's Response

Plaintiff alleges all defendants have failed to provide him with adequate medical care and treatment for his ailments, and as a consequence of that deliberate indifference, he suffered pain from his untreated wounds.  He states when he failed to receive appropriate medical treatment, he filed grievances and notified the ADC defendants, but they failed to respond to him.  Plaintiff also states the ADC defendants' motion should be denied on procedural grounds, as it was untimely filed.  Plaintiff refers to the last extension granted to defendants by the Court, and states the motion was due on February 26, 2010, but was not filed until March 1, 2010.

With respect to the CMS defendants, plaintiff states defendant Clark failed to address the issue of the pain associated with an open wound, and as a result he has suffered much pain from the grossly inadequate treatment he has received.  Plaintiff also states defendant Green was responsible as the infirmary manager for ensuring her subordinates followed appropriate policies and procedures

D.  ADC  Defendants' Reply

Defendants address plaintiff's procedural argument in their reply, stating their motion was timely filed since the last day of the thirty-day extension of time granted by this Court's  January 28, 2010 Order, fell on Saturday, February 27, 2010.  Therefore according to Fed.R.Civ.P. 6(a)(1), defendants state their filing on March 1, 2010 was timely.

E.  Standard of Review

Pursuant to Fed.R.Civ.P. 56©), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In order to support a claim for an Eighth Amendment violation, plaintiff must prove that defendants were deliberately indifferent to a serious medical need. Farmer v. Brennan, 511 I/S/ 825. 827 (1994). However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 197 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). See also Smith v. Marcantonio, 901 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment). Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional

5

judgment, they refuse to implement a prisoner's requested course of treatment." <u>Long v. Nix</u>, 86 F.3d 761, 765 (8th Cir. 1996).  In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim. <u>Beyerbach v. Sears</u>, <u>supra</u>. Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." <u>Dulany</u>, <u>supra</u>, 132 F.3d at 1240.

E.  Analysis

    1) ADC Defendants

    Initially, the Court notes that defendants' motion was timely filed, according to the Federal Rules of Civil Procedure.

    Next, the Court finds that it does not appear that plaintiff properly exhausted his administrative remedies with respect to the ADC defendants.  According to the affidavit presented by the defendants from Tiffanye Compton, the Inmate Grievance Supervisor for the ADC, plaintiff's grievance appeal history shows that between June 1, 2007 and December 31, 2007,  plaintiff did not appeal any grievances to the Chief Deputy Director/Assistant Director level which named the ADC defendants. (Doc. No. 59, Ex. B)   According to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e,

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit.  In <u>Booth v. Churner</u>, 121 S.Ct. 1819, 1825 (2001), the United

States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." In addition, in Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000), the Court held that "the statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" In Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003), the Court held that "under the plain language of section 1997e(a), an inmate must exhaust administrative remedies before filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." Finally, in Jones v. Bock, 549 U.S.199, 218 (2007), the Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."

In this particular case, the ADC grievance procedure clearly requires that an inmate "specifically name each individual involved for a proper investigation and response to be completed by the ADC." Administrative Directive 04-01, effective February 1, 2004, and Administrative Directive 07-03, effective August 6, 2007. The Court notes that in his response, plaintiff does not rebut defendants' argument that he failed to exhaust with respect to his claims against them. Therefore, the Court finds plaintiff's claims against the ADC defendants should be dismissed for failure to exhaust.[1]

---

[1]

The Court also notes that since the ADC defendants are not involved in medical treatment decisions, they can not be held liable for the medical staff's diagnostic and treatment decisions. See Keeper v. King, 130 F.3d 1309 (8th Cir. 1997). In addition, plaintiff provides no medical proof that defendants' grievance decisions resulted in physical harm to him.

2) CMS defendants

With respect to defendant Clark, plaintiff does not allege that he denied him treatment, failed to treat him, or acted recklessly and maliciously – which are elements of a deliberate indifference claim. Rather, he complains about the type of treatment he has received, yet provides no medical evidence to support that he has been harmed by such treatment.  Plaintiff disagrees with defendant Clark's decision to deny him a band aid for his wound, stating the absence of such caused him pain and suffering and risk of infection.  However, according to the affidavits of Drs. Anderson and Hughes, a band aid is not essential to the treatment of plaintiff's wound.   In addition, although plaintiff states he suffers from the risk of infection, he does not state defendants have failed to treat him for infections which have developed..[2]  Therefore, within the meaning of <u>Smith v. Mercantonio</u>, <u>supra</u>,  plaintiff's disagreement over the type of treatment provided by defendant Clark does not establish an Eighth Amendment claim of deliberate indifference.   In addition, although plaintiff alleges defendant Clark denied him pain medication, it is clear from his medical records that he was provided such on several occasions.  (Doc. No. 63, Ex. D)   Finally, plaintiff provides no medical evidence of harm as a result of any delays in his treatment. Therefore, the Court finds plaintiff does not support an Eighth Amendment allegation for deliberate indifference against defendant Clark.

The Court also finds it is clear from plaintiff's allegations and his response to the motion, that his allegations against defendant Green are based solely on her supervisory authority, and such liability is not available in actions filed pursuant to 42 U.S.C. § 1983.  See <u>Glick v. Sargent</u>, 696 F.2d 413, 414

---

[2]

In his affidavit, Dr. Hughes states there is not a surgical solution to plaintiff's condition, since the tract containing the buckshot is extensive and damage could result in attempting to locate all the foreign objects.  Based on such, Dr. Hughes states he believes this is a chronic condition with which plaintiff must deal for the rest of his life.   Doc. No. 63, Ex. C.

(8th Cir. 1983), and <u>Messimer v. Lockhart</u>, 702 F.2d 729 (8th Cir. 1983).   In his response to defendants'

motion, plaintiff states defendant Green had knowledge of his need for medical care and the duty to

ensure he received treatment.   However, plaintiff does not specify any date or incident in which

defendant Green personally denied him medical care, or knew of a subordinate denying plaintiff medical

care.   Furthermore, the affidavits and medical records presented by the defendants clearly establish that

plaintiff has received continual care and treatment for his wound, and  the Court finds no evidence to

support his allegation of deliberate indifference as to defendant Green.   Therefore, the Court finds as

a matter of law that  plaintiff fails to support an Eighth Amendment claim against this defendant.

Accordingly,

IT IS, THEREFORE, ORDERED that defendants' motions for summary judgment (Doc. Nos.

58, 61) are hereby GRANTED, and plaintiff's complaint against defendants is hereby DISMISSED with

prejudice.

IT IS SO ORDERED this 26th  day of April, 2010.

_____

UNITED STATES MAGISTRATE JUDGE